**Thomas G. MILLER, Petitioner—Appellant,**

v.

**Robert O. LAMPERT, Respondent—Appellee.**

No. 03–35252.

D.C. No. CV–01–00809–TMC.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.[*]

Decided March 12, 2004.

Steven T. Wax, FPD, FPDOR–Federal Public, Defender's Office (Portland), Portland, OR, for Petitioner–Appellant.

Timothy A. Sylwester, Office of the Attorney General, Salem, OR, for Respondent–Appellee.

Before McKEOWN, FISHER, Circuit Judges, and GONZALEZ, District Judge.[**]

MEMORANDUM[***]

Miller appeals the district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we deny the petition.

We review a district court's decision to grant or deny a 28 U.S.C. § 2254 habeas

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] Honorable Irma E. Gonzalez, United States District Judge for the District of Southern California, sitting by designation.

petition de novo, *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003), and for clear error the district court's findings of fact. *McClure v. Thompson*, 323 F.3d 1233, 1240 (9th Cir.2003).

The only issue Miller raises on appeal is whether a juror violated his Sixth Amendment right to an impartial jury by introducing extrinsic information into the jury deliberations. Miller's claim does not withstand AEDPA review because, under 28 U.S.C. § 2254, the Oregon Court of Appeals' decision was neither contrary to nor an unreasonable application of *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), the relevant case on jury impartiality. After an evidentiary hearing, the magistrate judge found that the juror did not introduce extrinsic evidence into the jury deliberations, but rather permissibly applied her life experiences to the facts already in evidence. The record supports these findings. On this record, Miller cannot overcome the hurdle imposed by AEDPA. However, even if the juror's statements could be considered extrinsic evidence, we conclude that the jury's exposure to it does not constitute reversible error. *See Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir.2000).

**DENIED.**

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.